UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANDYKE JOHNSON,

        Plaintiff,

-against-

DIANA ALMA; CHILD PROTECTIVE SPECIALIST; DAVID A. HANSELL, COMMISSIONER OF CHILDREN SERVICES; CITY OF NEW YORK,

        Defendants.

19-CV-8093 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action, alleging that Defendants violated his constitutional rights. By order dated October 2, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff Vandyke Johnson drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to indicate that he invokes the Court's federal question jurisdiction, he lists the following (in the section in which he is asked to indicate which of his federal constitutional or federal statutory rights have been violated): "Defendants violated the Plaintiff's 14th Amendment constitutional parental rights under the color of law; Plaintiff is alleging defamation against said Defendants; Plaintiff is alleging negligence against said Defendants." (Compl. at 2.)[1]

Plaintiff alleges the following facts. On August 22, 2019, Plaintiff was arrested in New York, New York; he was charged with assault in the third degree and with endangering the welfare of a child. Plaintiff's stepdaughter, who is 14 years old, is the complainant in the criminal case. Plaintiff pleaded not guilty to the charges. Plaintiff's biological daughter, who is five years old, is not involved in the criminal case, but she is involved in the Family Court proceedings. Defendant Diana Alma was assigned to investigate the claims of abuse. Proceedings were held in Family Court on August 28, and 29, 2019, but Plaintiff was not present because he was not notified of the proceedings. A temporary restraining order was issued, preventing Plaintiff from contacting his wife and children.

Plaintiff brings this action seeking a restraining order against Defendants, $1 million dollars in monetary damages for alleged constitutional violations, defamation, and negligence.

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

## DISCUSSION

### A. Rule 5.2(a)(3) of the Federal Rules of Civil Procedure

The attachments to Plaintiff's request for injunctive relief, (ECF No. 4), list the full names of Plaintiff's daughter and stepdaughter, who are minors. Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any references to a minor in court submissions must be made by referring only to the minor's initials.

Because of Plaintiff's failure to comply with this rule, the Clerk of Court has limited access to ECF No. 4 to a "party view only" basis. Any future submissions must comply with Rule 5.2(a)(3).

### B. **Domestic Relations Exception**

This Court does not have jurisdiction to consider claims arising out of Plaintiff's family court proceedings. The Supreme Court has long recognized that "the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890)). Therefore, "'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds." *Bukowski v. Spinner*, No. 17-CV-0845 (JS) (ARL), 2017 WL 1592578, at *2 (E.D.N.Y. Apr. 28, 2017) (quoting *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)).

While this so-called domestic relations exception to federal jurisdiction arose from the interpretation of the federal diversity statute, district courts "routinely apply the exception to cases brought under the federal courts' federal questions jurisdiction." *Fernandez v. Turetsky*, No. 12-CV-4092 (SLT), 2014 WL 5823116, at *2 (E.D.N.Y. Nov. 7, 2014); *see also Ankenbrandt*, 504 U.S. at 705 (noting that it may be appropriate for Courts to abstain from exercising subject matter jurisdiction "in a case involving elements of the domestic relationship

even when the parties do not seek divorce, alimony, or child custody"); *Martinez v. Queens Cnty. Dist. Atty.*, 596 F. App'x 10, 12 (2d Cir. Jan. 7, 2015) (summary order) (noting that "subject matter jurisdiction may be lacking in actions directed at challenging the results of domestic relations proceedings"), *cert. denied sub nom. Martinez v. Brown*, 135 S. Ct. 1855 (2015); *Mitchell-Angel v. Cronin*, No. 95-7937, 1996 WL 107300, at *2 (2d Cir. Mar. 8, 1996) (unpublished table opinion) ("District courts in this Circuit have held that the exception includes civil rights actions directed at challenging the results of domestic relations proceedings." ); *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (per curiam) ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts."); *Sobel v. Prudenti*, 25 F. Supp. 3d 340, 354-55 (E.D.N.Y. 2014) ("Plaintiff asks the Court to 'undo' the domestic relations orders issued by the state courts, . . . However, under the domestic relations exception, this Court cannot and will not provide the relief Plaintiff seeks."). And "[w]hile the domestic relation exception itself is narrow, it applies generally to issues relating to the custody of minors." *Mitchell-Angel*, No. 95-7937, at *2 (internal citations omitted) (citing *Williams v. Lambert*, 46 F.3d 1275, 1283 (2d Cir. 1995), and *Hernstadt v. Hernstadt*, 373 F.2d 316, 327 (2d Cir. 1967)).

The gravamen of the complaint concerns Plaintiff's ongoing family court proceedings, which relate directly to the welfare of his minor stepdaughter and daughter. Therefore, the domestic relations exception applies,[2] and the Court lacks subject-matter jurisdiction to consider

---

[2] To the extent that Plaintiff challenges any final determinations of the family court, his claims are likely barred under the *Rooker-Feldman* doctrine, even if the domestic relations exception does not apply in this case. The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and

4

those claims. *See* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative. . . .").

## C. Pending State-Court Proceedings

To the extent that Plaintiff, in seeking injunctive relief, asks this Court to intervene in his pending state-court proceedings, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App' x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). This doctrine has been extended to civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." ).

*Younger* abstention seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions. *Jones v. Cnty. of Westchester*, 678 F. App'x 48, 49-50 (2d Cir. 2017) (summary order). Thus, abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil

---

(4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The doctrine applies here to the extent that Plaintiff lost custody of his minor child in state court, complains of that loss here, and seeks this Court's review of that decision.

proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jaco*bs, 134 S. Ct. 584, 588 (2013).

In *Sprint*, the Supreme Court opined that family court abuse and neglect proceedings are barred by the *Younger* abstention because they are a type of state-initiated civil enforcement proceedings that are "akin to [] criminal prosecution." *See Sprint*, 134 S. Ct. at 592 (citing *Moore v. Sims*, 442 U.S. 415, 419-420 (1979)); *see also Davis v. Baldwin*, 594 F. App'x 49, 51 (2d Cir. 2015) (summary order) (noting that the Supreme Court placed "a state-initiated proceeding to gain custody allegedly abused by their parents" in the second *Sprint* category).

The family court proceedings, as determined by the attachments to Plaintiff's request for injunctive relief, – a state-initiated investigation of abuse or neglect allegations, followed by the issuance of a temporary order of protection preventing Plaintiff from contacting his wife and children – are state court proceedings as categorized in *Sprint*. Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to the pending state-court proceedings. Therefore, the Court will not intervene in those proceedings and dismisses, under *Younger*, any claims for injunctive relief that are not already barred by the domestic relations exception to federal jurisdiction.

**D.     Municipal Liability**

Plaintiff names the City of New York as a Defendant, but he does not identify a policy or custom that led to any violation of his constitutional rights. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be

subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Because Plaintiff's complaint does not contain facts supporting a municipal liability claim, his claim against the City of New York must be dismissed.

**E.     State-Law Claims**

Plaintiff asserts defamation and negligence claims against Defendants. But defamation and negligence are state, not federal, claims, and federal courts are courts of limited jurisdiction. Under 28 U.S.C. § 1367(c)(3), a federal district court is authorized to decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all of the federal claims over which it had original jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

Because Plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the state-law defamation and negligence claims that Plaintiff seeks to raise in his complaint. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

## F. Request for Injunctive Relief

Plaintiff filed a request for a temporary restraining order. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff's claims regarding the pending family court proceedings are barred by the domestic relations exception to federal jurisdiction and the *Younger* abstention doctrine. The Court finds therefore that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for temporary restraining order (ECF No. 4) is denied.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket. Plaintiff has consented to electronic service.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as barred by the domestic relations exception to federal jurisdiction and the *Younger* abstention doctrine.

Plaintiff's request for injunctive relief (ECF No. 4) is denied.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 15, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge